IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JASON WALKER, PRO SE, <br> also known as JASON RENARD WALKER, <br> also known as JONATHAN DOTSON, <br> also known as JOHNATHAN DOTSON, <br> TDCJ-CID No. 1532092, <br> Previous TDCJ-CID No. 891598, <br> Previous TDCJ-CID No. 1435201, <br> Federal ID No. 39219-177, <br><br> Plaintiff, <br><br> v. <br><br> PATTI HOPE, Assistant Director of Nursing; <br> HELEN KITCHEN, Correctional Medical <br> Aide; RODNEY W. KILLOUGH, Correctional <br> Officer IV; DARREN M. MAYER, PA; <br> RIC VOGELGESANG, Sr. Director - Facility <br> Health Administration; DELORES <br> CARRIZALES, Correctional Nurse; <br> JENNIFER SALDANA, Director of Nursing; <br> NFN TORRES, Lab Technician; <br> Dr. DENISE DeSHIELDS, CMHC Director <br> of Health Service; MANUEL RAMIREZ, JR., <br> Sergeant; and G. S. DAVID, Assistant Warden, <br><br> Defendants. | 2:15-CV-0178 |

**REPORT AND RECOMMENDATION TO GRANT, IN PART, AND DENY, IN PART, DEFENDANTS KITCHEN AND TORRES' MOTION FOR SUMMARY JUDGMENT**

Before the Court for consideration is the July 20, 2015 Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) and 12(b)(1) filed by the defendants KITCHEN and TORRES in the above-referenced and numbered cause. Plaintiff filed his response on July 31, 2015.

By Order of Partial Dismissal issued July 15, 2015, plaintiff's claims against defendants PATTI HOPE, Assistant Director of Nursing; DARREN M. MAYER, PA; RIC

VOGELGESANG, Sr. Director - Facility Health Administration; DELORES CARRIZALES, Correctional Nurse; Dr. DENISE DeSHIELDS, CMHC Director of Health Service; MANUEL RAMIREZ, JR., Sergeant; and G. S. DAVID, Assistant Warden, as well as plaintiff's claim against HELEN KITCHEN, Correctional Medical Aide, for the negligent distribution of the wrong medication to plaintiff, have been dismissed for failure to state a claim on which relief can be granted.  By Order of Partial Dismissal issued July 17, 2015, plaintiff's claims against defendant JENNIFER SALDANA, Director of Nursing, were dismissed for failure to state a claim on which relief can be granted.

## CLAIMS AND REQUESTS FOR RELIEF

Plaintiff's remaining claims are asserted against defendants HELEN KITCHEN, Correctional Medical Aide; RODNEY W. KILLOUGH, Correctional Officer IV; and NFN TORRES, Lab Technician.  Plaintiff claims defendants KITCHEN and KILLOUGH responded with deliberate indifference to his serious medical needs when, on December 11, 2014, he informed KITCHEN and KILLOUGH he had mistakenly ingested medication erroneously distributed to him and requested to be taken to the infirmary for medical treatment.  Plaintiff claims they ignored his request and left, with KITCHEN telling him it was his own fault and he had to "bear the consequences."  Plaintiff claims defendant TORRES conditioned his receipt of a urine test upon his performance of a sexual act.  Plaintiff says he refused and TORRES left without collecting the urine sample.

Plaintiff requests compensation in an unspecified amount for punitive, compensatory, and nominal damages, as well as unspecified injunctive relief.

**STANDARD OF REVIEW UNDER RULE 12(b)(6)**

Rule 12(b)(6) provides for dismissal of an action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). If the complaint lacks a required element which is a prerequisite to obtaining relief, dismissal is proper. *Clark v. Amoco Prods. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). In reviewing a motion for 12(b)(6) dismissal, the court must consider all of plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan, Stanley, Dean, Witter, & Co.*, 313 F3d 305, 312 (5th Cir. 2002). All reasonable inferences must be drawn in favor of the plaintiff's claims. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

In considering a 12(b)(6) motion to dismiss, it is permissible for a court to rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice, such as matters of public record. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757 763 (5th Cir. 2011). The Court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Doing so does not convert a motion under Rule 12(b)(6) into one for summary judgment. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citing *Louisiana ex rel. Guste v. United States*, 656 F.Supp. 1310, 1314 n. 6 (W.D.La.1986), *aff'd*, 832 F.2d 935 (5th Cir.1987), *cert. denied*, 485 U.S. 1033, 108 S.Ct. 1592, 99 L.Ed.2d 907 (1988)).

## THE LAW AND ANALYSIS

**DELIBERATE INDIFFERENCE**

A prison official's deliberate indifference to the serious medical needs of an inmate violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). This is true, among other things, when the indifference is manifested by a prison doctor in response to a prisoner's medical needs. *Id*. at 104, 97 S.Ct. 285. The prisoner/plaintiff must show objectively that he was exposed to a substantial risk of serious harm and that the official acted or failed to act with deliberate indifference to that harm. *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir.2002). The plaintiff must prove that the official was actually aware of the risk and consciously disregarded it. *Id*. Negligent medical care does not violate the Eighth Amendment. *Mendoza v. Lynaugh*, 989 F.2d 191 (5th Cir.1993).

Deliberate indifference is interpreted by a strict standard; the plaintiff must show that the prison official refused to treat him, ignored his complaint, intentionally treated him incorrectly, or otherwise showed a wanton disregard for his serious medical needs. *Domino v. Tex. Dept. of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (citation omitted).

Plaintiff has alleged facts, which the Court accepts as true at this stage of the proceedings, showing defendant KITCHEN ignored plaintiff's report that he had mistakenly ingested the wrong medications and defendant TORRES ignored the fact that a urine test had been ordered for plaintiff.

As to defendant KITCHEN, defendants argue the medications plaintiff took were "unlikely to harm him, let alone be fatal to him." This evidence relating to the "lack of harm" is not contained in plaintiff's pleadings, and there is no evidence of record to support defendant's contention and justify converting defendant's motion into one for summary judgment. Defendants

also argue "the more plausible scenario" is that, when defendant KITCHEN left after telling plaintiff it was his own fault that he had taken the wrong medications and he must "suffer the consequences," she did not ignore plaintiff's medical needs but left to initiate an emergency medical response to handle them. Again, there is no evidence of record to support this contention. Critically, since this is a motion to dismiss and is to be decided on the pleadings, defendants have not supported these arguments on statements in plaintiff's pleadings.

As to defendant TORRES, defendants argue the denial of a urine test did not result in any harm to plaintiff and that he was already on antibiotics at the time of the incident. Therefore, defendants contend, plaintiff has failed to state a claim of deliberate indifference to his serious medical needs by defendant TORRES. Plaintiff's pleadings make clear that a physician or physician's assistant determined he was in need of a urine test and ordered one. Plaintiff's pleadings do not show that he did not need a urine test at the time of TORRES' actions or that defendant TORRES had knowledge he did not need one. Plaintiff claims defendant TORRES ignored his medical need when she allegedly conditioned his receipt of the urine test on his performance of a sexual act and then failed to take the urine sample when he refused. These facts arguably support an allegation of deliberate indifference to a serious medical need.

**QUALIFIED IMMUNITY**

Defendants argue KITCHEN and TORRES are entitled to qualified immunity because the ingestion of pain relievers, mood elevators, allergy medicine and antibiotics is unlikely to amount to a substantial risk of serious harm and the failure to administer a urine test created merely a disagreement between plaintiff and his medical caregiver over the proper medical care.

As previous noted herein, there is no basis in plaintiff's pleadings to support defendants' argument that the ingestion of the medications taken by plaintiff was unlikely to constitute a

substantial risk of serious harm. Further, there is no evidence on this point to support the Court's treating defendants' motion as one for summary judgment.

Plaintiff's allegations against defendant TORRES do not show a mere claim of disagreement between plaintiff and his medical caregiver over the proper medical care. Defendants have not pointed to any basis in plaintiff's pleadings to support a contention that defendant TORRES, as a lab technician, had the knowledge and authority to override the determination of the doctor or physician's assistant who determined a urine test was needed.

**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Defendants state plaintiff attached a copy of his Step 2 grievance no. 2015059914 to his complaint, but no other. Further, defendants point out plaintiff pled that he "never told on [Torres] because she promised to add money to [plaintiff's] account which never happened."

By his July 31, 2015 response, on page one, plaintiff agrees that he didn't use the grievance system before he filed a claim on defendant TORRES. Plaintiff requests this defendant be dismissed without prejudice and that he be allowed to file an amended complaint bringing her back into the lawsuit after he has exhausted administrative remedies.

Title 42, United States Code, § 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995, provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A complaint may be dismissed for failure to state a claim where the prisoner's failure to exhaust appeared on the face of the complaint. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir.2007). The Supreme Court recognized in *Jones* that failure to exhaust administrative remedies is a basis for dismissal for failure to state a claim when that affirmative defense has been asserted by defendants and is

properly under court scrutiny. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007) ("As noted, that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim.").

The Fifth Circuit takes "a strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed.Appx. 752, 755 (5th Cir.2008)(citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir .2003)). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir.2003)(quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).

"[P]roper exhaustion of administrative remedies is necessary," meaning that a prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006) (emphasis added). Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir.2012); *Taylor v. Burns*, 371 F.Appx. 479 (5th Cir. 2010)(affirming dismissal of prisoner's lawsuit for deliberate indifference to serious medical needs for failure to exhaust administrative remedies).

Due to plaintiff's acknowledged failure to exhaust administrative remedies against defendant TORRES before filing his complaint, his allegations against her must be dismissed for failure to state a claim.

## CONCLUSION

Construing all of plaintiff's well-pleaded facts and documents submitted with his complaint to be true and viewing them in the light most favorable for plaintiff, the Magistrate Judge finds defendants' motion to dismiss should be GRANTED, IN PART, AND DENIED, IN PART.

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that defendants' Motion to Dismiss should be GRANTED, IN PART, AND DENIED, IN PART, and that plaintiff's claims against defendant TORRES should be DISMISSED FOR FAILURE TO STATE A CLAIM.

It is the FURTHER RECOMMENDATION of the Magistrate Judge to the United States District Judge that plaintiff's motion that his claims against defendant TORRES be dismissed without prejudice and that he be allowed to amend suit bringing this defendant back in after he has exhausted administrative remedies be DENIED, as this would not cure the fact that plaintiff filed suit in federal court before exhausting administrative remedies on these claims.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

Defendants' Motion to Dismiss did not address plaintiff's claim against defendant KILLOUGH, which survives along with the claim of deliberate indifference against KITCHEN.

ENTERED this  5th  day of August, 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).