IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JASON WALKER, PRO SE, <br> also known as JASON RENARD WALKER, <br> also known as JONATHAN DOTSON, <br> also known as JOHNATHAN DOTSON, <br> TDCJ-CID No. 1532092, <br> Previous TDCJ-CID No. 891598, <br> Previous TDCJ-CID No. 1435201, <br> Federal ID No. 39219-177, <br><br> Plaintiff, <br><br> v. <br><br> PATTI HOPE, Assistant Director of Nursing; <br> HELEN KITCHEN, Correctional Medical Aide; RODNEY W. KILLOUGH, Correctional Officer IV; DARREN M. MAYER, PA; <br> RIC VOGELGESANG, Sr. Director - Facility Health Administration; DELORES CARRIZALES, Correctional Nurse; <br> JENNIFER SALDANA, Director of Nursing; <br> NFN TORRES, Lab Technician; <br> Dr. DENISE DeSHIELDS, CMHC Director of Health Service; MANUEL RAMIREZ, JR., Sergeant; and G. S. DAVID, Assistant Warden, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § | 2:15-CV-0178 |

**ORDER GRANTING, IN PART, AND DENYING, IN PART,
DEFENDANTS KITCHEN AND TORRES' MOTION TO DISMISS;
AND ORDER DISMISSING ALL CLAIMS AGAINST DEFENDANT TORRES**

Plaintiff JASON WALKER, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against eleven defendants employed by or otherwise associated with the Texas Department of Criminal Justice, Institutional Division. Plaintiff has been granted permission to proceed *in forma pauperis*. By Order of Partial Dismissal issued July 15, 2015,

plaintiff's claims against defendants PATTI HOPE, Assistant Director of Nursing; DARREN M. MAYER, PA; RIC VOGELGESANG, Sr. Director - Facility Health Administration; DELORES CARRIZALES, Correctional Nurse; Dr. DENISE DeSHIELDS, CMHC Director of Health Service; MANUEL RAMIREZ, JR., Sergeant; and G. S. DAVID, Assistant Warden, as well as plaintiff's claim against HELEN KITCHEN, Correctional Medical Aide, for the negligent distribution of the wrong medication to plaintiff, have been dismissed for failure to state a claim on which relief can be granted. By Order of Partial Dismissal issued July 17, 2015, plaintiff's claims against defendant JENNIFER SALDANA, Director of Nursing, were dismissed for failure to state a claim on which relief can be granted.

On August 5, 2015, the Magistrate Judge issued a Report and Recommendation[1] analyzing the Motion to Dismiss submitted by defendants KITCHEN and TORRES on July 20, 2015 and plaintiff's July 31, 2015 response. The Magistrate Judge recommended that defendants KITCHEN's and TORRES' Motion to Dismiss be granted, in part, and denied, in part, and that plaintiff's claims against defendant TORRES be dismissed for failure to state a claim.

On August 14, 2015, plaintiff filed his Objections. The defendants filed their Objections on August 19, 2015.

By his Objections, plaintiff states, "I never filed a grievance the first time because I thought Torres would hold her end to an established deal which never happened." Plaintiff has previously pled he "never told on [TORRES] because she promised to add money to [plaintiff's] account which never happened." Plaintiff says when TORRES failed to perform as promised, he "added her to the instant lawsuit and . . . filed it prematurely." After filing his lawsuit, plaintiff says he

---

[1] The August 5, 2015 Report and Recommendation was erroneously titled "Report and Recommendation to Grant, in Part, and Deny, in Part, Defendants Kitchen and Torres' Motion for Summary Judgment." It should have been titled "Report and Recommendation to Grant, in Part, and Deny, in Part, Defendants Kitchen and Torres' Motion for to Dismiss."

discovered there is no time limit for grievances concerning sexual harassment and he can file a grievance on such issues at any time. Plaintiff states he has since exhausted administrative grievances on his claims against defendant TORRES. He says the Court should dismiss TORRES without prejudice and allow plaintiff to amend his complaint to add her again now that he has exhausted the grievance system.

Title 42, United States Code, § 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995, provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In the Fifth Circuit, a strict approach is taken to the exhaustion requirement, and prisoners must exhaust available remedies properly as substantial compliance is not adequate. *Wilson v. Epps*, 776 F.3d 296, 299-300 (5th Cir. 2015). Plaintiff does not argue an administrative remedy, *i.e.*, the grievance system, was unavailable. Instead, he frankly states he decided not to use the grievance system in the expectation of money from defendant TORRES. It is clear that plaintiff's putative agreement with defendant TORRES did not render the grievance system unavailable to him.

When no money was forthcoming, plaintiff says he decided to sue TORRES, but neglected to exhaust administrative remedies in advance, apparently because he thought the time period for filing such a grievance had expired. This makes clear the only thing that prevented plaintiff fromn filing a grievance was his own mistaken belief concerning the deadline for his grievance. Plaintiff says he has subsequently discovered there is no time limit on the filing of a grievance for sexual harassment or sexual assault. Plaintiff was clearly capable of grieving TORRES' actions and was not prevented from doing so, even after he had lost all expectation of a pay-off. Plaintiff's belief

3

that the grievance system was not available to him at that point does not excuse him from the exhaustion requirement. *Watson v. Hughes*, 439 F3d. Appx. 300, 2011 WL 3670194 (5th Cir. 2011) (prisoner's failure to follow two-step grievance procedure could not be excused and his §1983 action was barred under the PLRA for failure to exhaust administrative remedies where his belief that he had to wait until and informal investigation was completed before he could file the step 1 grievance was unfounded.).

By choosing to file and pursue suit before meeting the section 1997e exhaustion of administrative remedies requirement, plaintiff has sought relief to which he was not entitled. *Underwood v. Wilson*, 151 F.3d 292 (5th Cir.), *cert. denied*, 526 U.S. 1133, 199 S.Ct. 1809, 143 L.Ed.2d 1012 (1999).  Plaintiff's objections are without merit.

Defendants object that the Court did not address their Eleventh Amendment argument, and that the Court erred in its analysis of defendant KITCHEN's qualified immunity defense.

Plaintiff, seeking to clear up any misunderstanding on the Eleventh Amendment matter, has subsequently made it clear that he is not seeking monetary damages from any defendant in his or her official capacity and the Court construes plaintiff's September 2, 2015 "Admission of Relief Plaintiff is Seeking" as a stipulation that he does not seek monetary relief from any defendant in his or her official capacity.

As to defendant KITCHEN's qualified immunity defense, her argument for dismissal on this basis rests on plaintiff's own allegations concerning the medical treatment he received from defendant MAYER, that is, plaintiff alleged MAYER monitored plaintiff's vital signs and, finding them normal, only informed plaintiff the medications would make him "feel high." From this, defendant argues, the Court may conclude the combination of medications erroneously ingested by plaintiff was non-lethal or otherwise failed to present a substantial risk of serious harm to plaintiff.

4

Defendants go on to argue that, "[l]ikewise, Defendant Kitchen, in her professional medical opinion, did not perceive the accidental ingestion of the medications Plaintiff alleges to have ingested as amounting to a substantial right of serious harm to Plaintiff" and her actions were, therefore, objectively reasonable.

Though defendant KITCHEN may well have known the identity of the medications plaintiff erroneously ingested, there is no evidence of record to support such a determination. Further, defendant KITCHEN did not have any knowledge of what treatment would or would not be subsequently administered or prescribed by defendant MAYER, who saw plaintiff after defendant KITCHEN, and therefore, she could not have relied upon defendant MAYER's medical judgment. Lastly, there is no evidence of record indicating what medical judgment, if any, defendant KITCHEN exercised or had sufficient training to exercise. Without the necessary evidence and conversion of defendants' motion to dismiss into a motion for summary judgment, the Court cannot find a basis to support dismissal of plaintiff's claims against defendant KITCHEN based on her plea of qualified immunity. This objection is without merit.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the objections filed by the plaintiff and defendant KITCHEN.

The Court is of the opinion that plaintiff's objections and those of defendant KITCHEN should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court.

This Court, therefore, does OVERRULE plaintiff's objections and the objections of defendant KITCHEN, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that:

1. The July 20, 2015 Motion to Dismiss by defendants KITCHEN and TORRES is GRANTED, IN PART, AND DENIED, IN PART.

2. The Civil Rights Complaint by JASON WALKER against NFN TORRES, Lab Technician, is DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM.

The Court further notes plaintiff has stipulated he is not seeking monetary relief from any defendant in his or her official capacity.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____10_____ day of September, 2015.

_____
MARY LOU ROBINSON
United States District Judge